IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN TAMBURO, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HARRIS & HARRIS, LTD., | ) |
| | ) |
|    Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, JOHN TAMBURO, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, HARRIS & HARRIS, LTD., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. JOHN TAMBURO, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Frankfort, County of Will, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Nicor Gas (hereinafter "Nicor").

1

6. The debt that Plaintiff allegedly owed Nicor was for a gas and/or electric bill incurred by Plaintiff in relation to utilities used in his personal residence.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. HARRIS & HARRIS, LTD., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is incorporated in the State of Illinois.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

14. In May 2011 through June 2011, Defendant initiated multiple telephone calls to Plaintiff and left Plaintiff multiple voicemail messages.

15. During the aforesaid voicemail messages Defendant's duly authorized representative stated "[t]his is the business office of Nicor gas."

16. At no time during the course of the aforementioned voicemail messages did Defendant's duly authorized representative provide information to Plaintiff regarding Defendant's true name or identity.

17. At no time during the course of the aforementioned voicemail messages did Defendant apprise Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

18. Defendant's representations that it was calling on behalf of "the business office of Nicor gas" were false, deceptive and/or misleading given that Defendant is not the original creditor to whom Plaintiff allegedly owes a debt.

19. By representing that it was calling on behalf of "the business office of Nicor gas" Defendant used the name of a business, company and/or organization other than its true name in its attempts to collect a debt allegedly owed by Plaintiff.

20. In its attempts to collect the debt allegedly owed by Plaintiff to Nicor, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

   b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   d. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

3

e. Using any business, company or organization name other than the true name of the debt collector's business, company or organization in violation of 15 U.S.C. §1692e(14); and,

f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

21. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V. JURY DEMAND

22. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOHN TAMBURO, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JOHN TAMBURO**

By:    s/ David M. Marco
       Attorney for Plaintiff

Dated: June 10, 2011

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail:    dmarco@smithlaw.us